UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

LOIS FLORY                                                    CIVIL ACTION NO. 08-1538

VERSUS                                                        JUDGE MELANÇON

FRANCIS WALKER, ET AL                                         MAGISTRATE JUDGE HILL

## MEMORANDUM RULING

Before the Court are plaintiff's Motion to Remand [Rec. Doc. 9] and defendants' Memoranda in Opposition to Remand [Rec. Docs. 31 & 32]. Having considered the motion and the record before the Court and for the reasons set out hereinafter, the Court will **GRANT** plaintiff's Motion [Rec. Doc. 9].

## I. BACKGROUND

Plaintiff, Lois Flory ("Flory" or "plaintiff"), filed suit in the Fifteenth Judicial District Court in and for the Parish of Vermillion, State of Louisiana against Allied Bruce-Terminix Companies, Inc. ("Terminix"), a Delaware corporation with its principal place of business in Mobile, Alabama; National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), a Pennsylvania corporation with its principal place of business in New York; and Francis J. Walker ("Walker"), a citizen and domiciliary of the State of Louisiana (collectively, "defendants"). In her suit, plaintiff contends that defendants are liable for damages occasioned as a result of defendants' use and overuse of certain carcinogenic pesticides in the treatment of plaintiff's home for termites. Defendants removed this case to this Court arguing that the Court has diversity jurisdiction as Walker, a non-diverse defendant, was

improperly joined to defeat diversity jurisdiction.  Defendants argue that plaintiff's claims against Walker are barred by the doctrine of *res judicata* as this Court previously dismissed plaintiff's claims against all defendants on September 20, 1999 in Civil Action No. 96-CV-2858.  Shortly after removing the case, defendants also filed Motions to Dismiss the Suit [Rec. Docs. 4 & 6] arguing that *res judicata* barred suit against all defendants.

On November 3, 2008, plaintiff filed a Motion to Remand [Rec. Doc. 9] claiming that complete diversity does not exists, no federal question is presented, and Walker was not improperly joined.  All defendants oppose remand.

## II.  LAW & ANALYSIS

Title 28, Section 1441(a) states that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed."  28 U.S.C. §1441.  In this case, defendants claim that this Court has original jurisdiction on the basis of diversity.  Federal district courts have original diversity jurisdiction over suits between citizens of different states, if the amount in controversy exceeds $75,000. 28 U.S.C. §1332.  While complete diversity does not exist on the face of the complaint, defendants allege that the non-diverse defendant, Walker, was improperly joined for the sole purpose of thwarting this Court's jurisdiction.

When a claim of improper joinder is made in opposition to remand, the removing party bears a heavy burden as the doctrine of improper joinder is a "narrow

2

exception" to rule of complete diversity.  *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)).  The starting point for analyzing claims of improper joinder must necessarily be the statues authorizing removal.  *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*).  The removal statute, cited *supra*, entitles a defendant alleging diversity jurisdiction to remove unless an in-state defendant has been *properly* joined.  "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."  *Id*.  Given this focus, the United States Court of Appeals for the Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Id.*, *quoting Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).  Only the second method is apropos to the resolution of the instant motion.

To demonstrate the plaintiff's inability to establish a cause of action against the non-diverse defendant, the party alleging improper joinder must show ". . . that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id.*  In deciding if the defendant has carried its burden, a court may conduct a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to

3

determine whether it states a claim against the in-state defendant, or a court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.*

Wary of the need to avoid resolution of the entire case based on a motion to remand, in *Smallwood*, *supra*, the Fifth Circuit held that when a "common defense" compels a holding that plaintiff has no reasonable basis for recovery against the in-state defendant also necessarily compels the same result for the non-resident defendants, "there is no improper joinder; there is only a lawsuit lacking merit. In such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such – an allegation that, as phrased by the Supreme Court in *Chesapeake & O.R. Co. v. Cockrell*, 'the plaintiff's case [is] ill founded as to all the defendants.' " *Id.*, *quoting Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 153 (1914).

Based on this logic, the Fifth Circuit held that the initial step in any fraudulent joinder analysis is determining whether such "common defenses" apply to both the diverse and non-diverse defendant. *Id.* at 575. If the Court determines that the defense in question is dispositive of all claims against all defendants, then *Smallwood* requires remand to state court. If, however, the district court should determine that the defense is not dispositive of every claim against every defendant, it should deny remand and proceed with the proper disposition of the case.

Here, defendants readily admit that their arguments for improper joinder are

4

". . . interwoven with Defendants' position as set forth in its Motion to Dismiss." *See Defendants' Opposition to Remand* [Rec. Doc. 31], pg. 1. A review of the defendants' Motions to Dismiss [Rec. Docs. 4 & 6] reveals that defendants seek to have the entire suit dismissed against all defendants on the same basis for which they claim Walker was improperly joined – *i.e. res judicata*. This is precisely the type of situation the Fifth Circuit sought to avoid with its ruling in *Smallwood*. Defendants' allegation of improper joinder is, in reality, an attack on the merits of plaintiff's case as a whole. Accordingly, under *Smallwood*, Walker was not improperly joined, and, because Walker is an in-state, non-diverse defendant, this Court lacks jurisdiction to resolve this matter and will remand the case to state court for adjudication and resolution.

### III. CONCLUSION

Under *Smallwood*, the joinder of Walker was not improper under the circumstances of this case, and, thus, Walker will not be dismissed.[1] As an in-state, non-diverse defendant remains a party to this case, the Court lacks jurisdiction to consider the merits. Accordingly, plaintiff's Motion to Remand [Rec. Doc. 9] will be **GRANTED** and this action will be **REMANDED** to Fifteenth Judicial District Court in and for the Parish of Vermillion, State of Louisiana.

---

[1] The Court does not express an opinion on the merits of the either the plaintiff's claims or defendants' defenses. These issues are left for the State Court to consider.